FILED
JANUARY 18, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 427

YM

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| BLUEAIR INC., ) | |
|    A Delaware Corporation, ) | |
| ) | Civil Action No. |
|                Plaintiff ) | |
| ) | |
|             v. ) | Judge   **JUDGE SHADUR** |
| ) |    **MAGISTRATE JUDGE ASHMAN** |
| APPLE, INC., ) | Magistrate Judge |
|    A California Corporation, ) | |
| ) | |
|                Defendant ) | |

COMPLAINT FOR DECLARATORY JUDGMENT
OF NON-INFRINGEMENT OF TRADEMARK RIGHTS

Plaintiff, BlueAir Inc. for its Complaint against the Defendant Apple, Inc., states as follows:

1. Plaintiff is a corporation of Delaware with its principal place of business at 17 N. State Street, #1830, Chicago, IL 60602. It has been registered to do business in Illinois as a foreign corporation and is doing business in this state and generally throughout the United States by the sale and distribution of domestic air cleaning or filtering products under the BlueAir name. Plaintiff sells its products through retail stores in Illinois and in this District under trademarks and trade names including AIRPOD.

2. Defendant Apple, Inc. (formerly Apple Computer, Inc.), is a California corporation with a registered agent at CT Corporation System, 208 S. LaSalle St., #814, Chicago, IL 60604.

- 1 -

Apple is the owner of trademarks and tradenames including "iPOD" for portable music players.

3. This Court has jurisdiction of this civil action for Declaratory Judgment of non-infringement of trademark rights under the Declaratory Judgments Act, 28 USC §§ 2201 and 2202, and the Lanham Act, 15 USC §1125(a) and (c).

4. Venue is proper in this Court under 28 USC 1391, as Defendant Apple, Inc. has a corporate store in this District, on North Michigan Avenue, Chicago, and has sent e-mail and made telephone calls by its agent, outside counsel Margaret McHugh of Townsend and Townsend firm in San Francisco, to BlueAir counsel here, asserting likely confusion of BlueAir's mark AIRPOD with Apple's mark iPod and threatening to file an Opposition in the US Trademark Office against BlueAir, and more recently making threats of seeking attorney fees and more, thereby creating an actual controversy between the parties and causing harm in this District by way of these threats of trade mark infringement and unfair competition, as complained of.

### DECLARATORY JUDGMENT FOR NO FEDERAL TRADEMARK INFRINGEMENT

5. Plaintiff incorporates and re-alleges the matters of paragraphs 1-4, above.

6. Plaintiff has imported and sold its distinctive line of domestic air purifiers under the BlueAir trademark in this country since at least 1987, by mail order sales, and since 1997 by direct retail sales. BlueAir's desktop air purifier, called the AirPod, was introduced to the US market at least as early as June 2006.

7. Plaintiff's AirPod desktop air purifier is 6-1/2 inches wide and 13 inches tall with its filter box installed and 3-1/2 inches deep, and it must be plugged into a 110-volt outlet. It has a fan in its L-shaped base unit or "pod", and the filter box slides into the rear of a square front plate. The front of the fan unit is square, of brushed aluminum, with a circular outlet for fan-driven air, an

centered disk of the same aluminum with the mark "airPOD" embossed therein and the words "Personal Clean AirZone" in black lettering, and black wire mesh over the circular outlet area.

8. Plaintiff has applied for federal trademark registration of its AIRPOD mark, as serial no. 78804554, on February 1, 2006. That application was allowed and published for opposition on July 24, 2007, and is still pending at the US Trademark Office, subject to Apple's having sought and obtained extensions of time to file an Opposition to registration of that mark to BlueAir.

9. Apple's counsel timely filed for an extension of time past August 24, 2007, to oppose registration of BlueAir's AIRPOD mark. Counsel then e-mailed and telephoned counsel for BlueAir, seeking withdrawal of the applied-for mark and transitioning of BlueAir from the AIRPOD mark to any mark not using the POD portion therein. The parties have been unable to reach agreement on the likelihood of confusion of AIRPOD for desktop air cleaners and iPOD for portable electronic music players. An Opposition is due to be filed by January 24; Apple declines to obtain any further extensions of time for further discussions.

10. There is no reasonable likelihood of confusion, mistake, or error in the marketplace for persons of even the lowest perceptive capabilities who are seeking an iPod music player considering or buying an AIRPOD desktop air cleaner instead.

11. AIRPOD and iPOD are distinct in sound, appearance, and connotation as applied to their respective goods. Although the ending --POD portions are identical, the initial portions AIR-- and i-- are distinct in appearance and connotation and distinguishable in sound as well to any ordinary observer.

13. On information and belief, neither BlueAir nor Apple knows of any single bona fide instance of confusion between the AIRPOD mark on personal desktop air purifiers and the iPOD mark for personal portable music players.

14. Apple has no reasonable basis for opposing BlueAir's application for registration of its mark. Indeed Apple has not opposed federal registrations or impending federal registrations of AIRPOD marks for air fresheners, carrying cases, and industrial air filters, nor has it, on information and belief, sought to stop the hundreds of other uses of AIRPOD and AIR POD marks for other products such as "air time" recorders for snowboarders, and the like, findable in any Internet search for those terms.

15. BlueAir is entitled to a Declaration and Judgment that BlueAir's AIRPOD mark for desktop air purifiers does not infringe Apple's rights in its registered trademarks iPOD for portable personal music players.

WHEREFORE, PLAINTIFF PRAYS THAT:

a. An Order be entered declaring that BlueAir's mark is not confusingly similar to Apple's mark and may be used and registered without interference from Apple; and that

b. Such further and other relief be granted, including costs of suit, as may be just and equitable in the circumstances.

Respectfully submitted,

January 18, 2008

/s/ John R. Crossan
John R. Crossan
Jil L. Martin

CHAPMAN AND CUTLER LLP
111 West Monroe Street, #1700
Chicago, IL  60603
Phone:  312/845-3420
Fax:  312/803-5299
crossan@chapman.com

Counsel for Plaintiff:
   BLUEAIR INC.